IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREW DEFOREST, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 23-1272 _____ |
| TEXAS STAR PLUMBING, INC. and TRAVIS MAYORGA | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Andrew Deforest files this Original Complaint and Jury Demand against Defendants Texas Star Plumbing, Inc. and its owner/manager, Travis Mayorga, and shows the following:

**Introduction**

1. This is an action for unpaid overtime wages and retaliatory discharge under the Fair Labor Standards Act. Plaintiff Andrew Deforest was formerly employed by Defendants Texas Star Plumbing, Inc. and Travis Mayorga as an apprentice plumber from June of 2023 until September 18, 2023 when he was fired because Defendants learned of Plaintiff's protected activities under the FLSA. Plaintiff now sues for damages.

**Parties**

2. Plaintiff Andrew Deforest is an individual residing at 4114 Bunker Hill Street, San Antonio, Texas 78230. He may be served with papers through the undersigned counsel.

3. Defendant Texas Star Plumbing, Inc. is a corporation organized under the laws of the State of Texas. Its principal place of business is located at 108 Firefly CT, Boerne, Texas 78006. It may be served with process through its registered agent, Travis Mayorga, at 108 Firefly CT, Boerne, Texas 78006.

4. Defendant Travis Mayorga is a natural person residing in Kendall County, Texas. He may be served with process at 108 Firefly CT, Boerne, Texas 78006 or wherever he may be found.

## Jurisdiction and Venue

5. The Court possesses subject matter jurisdiction over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute. The Court possesses personal jurisdiction over Defendants because Defendants are citizens of the State of Texas and because Defendants reside and do business continuously in the State of Texas. Venue is proper in the Western District of Texas because all of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District.

## First Cause of Action: Unpaid Overtime Under FLSA

6. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7. Defendant Texas Star Plumbing is a commercial plumbing contractor based out of San Antonio, Texas. Defendants are employers within the meaning of the FLSA. Defendant Texas Star Plumbing engaged in interstate commerce in that, at all times relevant to this lawsuit, has had annual gross receipts in excess of $500,000, has employed in excess of two employees, and has bought equipment and inventory in interstate commerce.

8. Defendant Travis Mayorga owns and manages Defendant Texas Star Plumbing. He has at all times had authority to, and did in fact, hire, fire, and direct employees, including Plaintiff.

He also is responsible for the unlawful pay practices complained of in this lawsuit. As such, Defendant Travis Mayorga is an employer within the meaning of the FLSA.

9. Plaintiff became employed by Defendants on or about June 20, 2023 as an apprentice plumber and was terminated by Defendants on or about September 18, 2023. At all times relevant to this lawsuit, Plaintiff was a non-exempt employee of Defendants. Plaintiff was paid on an hourly basis. Plaintiff worked extensive amounts of overtime each week. Despite this fact, Defendants failed to pay him (and other employees) the overtime premium for many of those overtime hours. Specifically, Defendants refused to compensate Plaintiff for travel time that must be compensated pursuant to 29 CFR § 785.38 and work performed at Defendants' yard at the beginning and end of each workday. In this regard, Plaintiff was required to report to Defendant's yard each work morning to pick up his work vehicle (which was owned by Defendants), load tools, equipment, and supplies, and sometimes pick up another worker before departing to the worksite, which was located in either Kerrville, Texas or Hondo, Texas. Then, at the end of the day, Plaintiff was required to report back to Defendant's yard and unload his vehicle of tools, equipment and supplies, and store them in Defendants' facility.

10. Despite the fact that this was clearly compensable time under the FLSA, and despite the fact that these compensable hours meant that Plaintiff's total weekly hours exceeded forty hours per week, Defendants refused to pay Plaintiff for these hours, including the overtime premium on hours worked over forty. In fact, during Plaintiff's employment, Defendant started clocking Plaintiff out automatically at 5:30pm.

11. Plaintiff now sues for the unpaid overtime as well as an equal amount in liquidated damages. And because Plaintiff has had to retain legal counsel to vindicate his rights under the FLSA, Plaintiff is entitled to an award of attorney fees.

**Second Cause of Action:  Retaliatory Discharge Under the FLSA**

12. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 11 supra.

13. Plaintiff engaged in protected activity under the FLSA when, on or about September 18, 2023, shortly after 9:00am, he telephoned the Texas Workforce Commission—Labor Law Department to complain that Defendants were not paying his travel time as articulated above and ask that TWC commence an investigation.

14. That same afternoon, Defendant Tavis Mayorga discharged Plaintiff from employment.  Defendant Mayorga made it clear that he was aware that Plaintiff had called TWC and accused Plaintiff of "biting the hand that feeds him."  Defendant Mayorga informed Plaintiff that he was terminated effective today, that Plaintiff was "trespassed" from the jobsite, and that Plaintiff should "watch [his[ back" because Defendant was "coming for" him.

23. Plaintiff pleads that Defendants discharged him from employment in retaliation for his protected complaint.  As a result of this illegal discharge from employment, Plaintiff has suffered lost wages as well as emotional distress, mental anguish, humiliation, and embarrassment.  Plaintiff now sues for these damages as well as an equal amount in liquidated damages.  Because Plaintiff has had to retain legal counsel to vindicate his rights under the FLSA, Plaintiff also is entitled to an award of attorney fees.

**Jury Demand**

24. Plaintiff demands a trial by jury.

**Conclusion and Prayer**

Plaintiff prays that upon final judgment he be awarded the following:

a) Unpaid wages, including unpaid overtime;

b) An equal amount in liquidated damages;

c) Compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment;

d) Attorney fees and costs of court;

e) All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Michael V. Galo, Jr.*
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- 210.616.9800
Facsimile -- 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ANDREW DEFOREST